IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL BOYD,

   Plaintiff,         25cv1345
                ELECTRONICALLY FILED

  v.

CLEARA, LLC,

   Defendant.

### ORDER OF COURT

This matter was referred to United States Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On May 12, 2026, Magistrate Judge Dodge filed a thorough, well-reasoned Report and Recommendation ("R&R"), recommending that the motion to dismiss filed by Defendant (Doc. 8) -- wherein Defendant asserted that Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred by the Fair Credit Reporting Act's two-year statute of limitations -- be denied without prejudice to Defendant to reassert its statute of limitations defense at summary judgment as appropriate.  (Doc. 20).

As required by 28 U.S.C. § 636(b)(1) and Local Rule 72.D.2, the parties were notified that they had until May 26, 2026, to file written objections to the R&R.  (*Id.* at 6).

On May 26, 2026, Defendant filed objections to the R&R (Doc. 21). In its objections, Defendant noted that Magistrate Dodge's decision had determined that the two-year statute of limitations had expired, and thus, the only way this case could only survive Defendant's 12(b)(6) motion would be if equitable tolling applied. (Doc. 20 at 3-4). Defendant also noted that Magistrate Dodge's recommendation acknowledged that Plaintiff had "not alleged extraordinary circumstances such as attorney incapacitation, deception, or inability to access the courts," but

concluded "that dismissal at the Rule 12(b)(6) stage remains inappropriate." (Doc. 20 at 6). Defendant's objections argued that the Magistrate's refusal to dismiss the case was incongruent with her acknowledgment that Plaintiff had failed to establish any extraordinary circumstances to support his claim of equitable tolling. (*Id.*)

On June 23, 2026, Plaintiff filed a response to Defendant's objections, which suggested that the Magistrate had properly refused to dismiss the matter based on the doctrine of equitable tolling. (Doc. 24). Plaintiff argued that although equitable tolling under an extraordinary circumstance theory may not apply in this case, equitable tolling under a wrong forum theory applied.[1] (*Id.*).

After a *de novo* review of the record in this matter, including the thorough, well-reasoned Report and Recommendation of Magistrate Judge Dodge (Doc. 20), the Defendant's Objections to the Report and Recommendation, and Plaintiff's Response to same, the Court finds that Magistrate Judge Dodge properly considered whether the two-year statute of limitations could be equitable tolled.  This Court further finds that the term "equitable tolling" is meant to encompass three principal situations: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting ... [his] rights; or (3) where the plaintiff has timely asserted ... [his] rights mistakenly in the wrong forum. *Williams v. Tech Mahindra (Americas) Inc.*, 70 F.4th 646, 650 (3d Cir. 2023); and *see generally*, *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750

---

[1] Although Plaintiff argued that the doctrine of equitable tolling under a wrong-forum theory precluded the statute of limitations from being re-raised at a later time, this Court notes: (1) this argument should have been made as an objection to the R&R and not set forth for the first time in a response to Defendant's objection; and (2) for the reasons set forth *infra.*, the question of whether the two-year statute of limitations can be equitably tolled under a wrong forum theory turns on facts which are not yet developed at this stage of the proceedings.

(3d Cir. 2020) (identifying three traditional forms of equitable tolling: deception tolling, extraordinary-circumstances tolling, and wrong-forum tolling).

In this case, the Court: (1) does not find any allegations which would suggest active misleading on the part of Defendant, thereby ruling out the first form equitable tolling, and (2) agrees with the Magistrate Judge that there are no allegations to support a finding of extraordinary-circumstances-based equitable tolling. However, as suggested by the Magistrate Judge's recommendation, the record adequately demonstrates allegations made by Plaintiff which could still equitably toll the statute of limitations under a wrong-forum theory. The purpose of wrong-forum tolling, among other things, is to protect plaintiffs who filed complaints and do not want to file duplicative actions elsewhere. *Williams v. Tech Mahindra (Americas) Inc.*, No. 24-1434, 2024 WL 5055834, at *2 (3d Cir. Dec. 10, 2024), *cert. denied*, 145 S. Ct. 2817, 222 L. Ed. 2d 1099 (2025). See also, *Doherty v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity*, 16 F.3d 1386, 1393 (3d Cir. 1994), *as amended on reh'g* (Mar. 17, 1994) (citations omitted) (equitable tolling may be appropriate at least where the defendant has actively misled the plaintiff respecting the cause of action, the plaintiff has in some extraordinary way been prevented from asserting his rights or the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum). Moreover, the Court of Appeals for the Third Circuit has held that to fall into the third category, a party's claim, though filed in the wrong forum, must nevertheless be timely. *Id.,* at 1394.

When considering a case similar to the instant matter, the Court of Appeals for the Third Circuit noted that that a district court should evaluate wrong-forum tolling under a three-factor test:

> [T]he statute of limitations for a second action may be equitably tolled by the filing of an earlier action dismissed for lack of personal jurisdiction if:

3

> (1) the first action gave the defendant timely notice of [the] plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action."

*Island Insteel Systems, Inc. v. Waters*, 296 F.3d 200, 204-05 (3d Cir. 2002); *see also ABB Constr., LLC v. Allen*, 2026 WL 847801, at *4 (W.D. Pa. Mar. 27, 2026).

In this case, the parties agree that Plaintiff timely filed his lawsuit in the wrong forum and it was dismissed by that district court for lack of personal jurisdiction. Plaintiff appealed the dismissal, and the United States Court of Appeals upheld the dismissal for lack of personal jurisdiction.  Several days after the mandate issued in that matter, Plaintiff filed the instant action in this forum.

This Court agrees with Magistrate Judge Dodge's recommendation that "the objective reasonableness of [Plaintiff's] jurisdictional position in Texas, whether [Defendant] suffered cognizable prejudice, [and] whether [Plaintiff] acted with sufficient diligence throughout the relevant period" are factual issues which are "better resolved on a developed record at summary judgment."  (Doc. 20 at 6). These are the key issues germane to determining whether the three factors of the Court of Appeals test in wrong-forum equitable tolling cases can be met.

Based on the above, the following Order is entered:

AND NOW, this 24th day of June, 2026, it is ORDERED that Defendant's Motion to Dismiss (Doc. 8) is DENIED WITHOUT PREJUDICE to Defendant to reassert its statute of limitations defense at summary judgment as appropriate.

It is further ORDERED that Magistrate Judge Dodge's May 12, 2026, Report and Recommendation (Doc. 20) is adopted as the Opinion of the Court, with the clarification that the possibility of the equitable tolling of the statute of limitations rests solely upon a wrong forum basis.

BY THE COURT:
s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:  ECF Counsel of Record